### APPEAL OF MARCHETTI ROMA CAFE CO.

Docket No. 1446.  Submitted July 9, 1925.  Decided September 8, 1925.

*Homer H. Tooley, C. P. A.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

The taxpayer appeals from the determination of a deficiency of $4,812.58 in income and profits taxes for the calendar year 1921. The greater part of the deficiency arises from the action of the Commissioner in determining that the taxpayer realized a profit of $18,027.91 on the sale of capital assets and adding that amount to income. The other adjustments made by the Commissioner are not disputed.

The taxpayer alleges that in determining that a profit was realized on the sale of assets the Commissioner erred in reducing the cost of the assets by the amount of depreciation sustained and in includ-

ing as the equivalent of cash the notes in the amount of $40,000 received as a part of the sale price.

### FINDINGS OF FACT.

1. During 1921 the taxpayer was a California corporation with its principal place of business at Los Angeles.

2. Subsequent to its organization in November, 1919, the taxpayer purchased certain assets, such as general equipment, furniture and fixtures, linen, dishes, utensils, and silverware, at a cost of $65,802.01. These assets were used by the taxpayer in the cafe operated by it, and during the years 1919, 1920, and 1921 it claimed depreciation in amounts totaling $24,726.10, of which the Commissioner allowed as deductions from income for those years amounts aggregating $20,769.32. The taxpayer makes no objection to the disallowance by the Commissioner of the difference between the depreciation claimed and that allowed.

3. On December 3, 1921, the taxpayer sold its assets to the Winter Garden, a California corporation, for $65,110.60, upon which amount commissions of $2,050 were paid, leaving $63,060.60 as the net proceeds of the sale.

4. The difference between the depreciated cost of the assets, $45,032.69, and the net sales price, $63,060.60, or $18,027.91, was treated as income by the Commissioner.

5. The sales price of $65,110.60 was paid as follows:

| | |
|---|---|
| Cash | $25,110.60 |
| Note | 20,000.00 |
| Note | 20,000.00 |

The notes were secured by a chattel mortgage on the assets sold. They were payable in monthly installments of $750 each and bore interest at the rate of 7 per cent.

6. The corporation was dissolved shortly after the sale of its assets, and two of its stockholders each received as a portion of the corporate assets one of the notes given by the purchaser. In July, 1922, one of the stockholders attempted to secure a loan of $10,000 from the Bank of Italy, and offered the $20,000 note which he held as security. The bank refused to make the loan. No other evidence of the value of the notes when received was offered.

### DECISION.

The determination of the Commissioner is approved. *Appeal of Even Realty Company*, 1 B. T. A. 355, and *Appeal of Aaron W. Wolfson*, 1 B. T. A. 538.

ARUNDELL not participating.